# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES E. JOHNSON,<br>        Plaintiff | )<br>)<br>) | C.A. 14-12 Erie |
| v. | )<br>) | Magistrate Judge Baxter |
| ERIE COUNTY, et al.,<br>        Defendants. | )<br>) | |

## OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter.

## I. INTRODUCTION

### A. Relevant Procedural and Factual History

On January 21, 2014, Plaintiff Charles E. Johnson, an inmate incarcerated at the Erie County Prison in Erie, Pennsylvania ("ECP"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Erie County and WJET 24 News ("WJET") [ECF No. 6]. Plaintiff alleges that, while he was a pretrial detainee in the Erie County Prison on November 13, 2013, Defendant WJET erroneously displayed his picture when it reported the conviction and sentence of another individual named Charles Johnson. (ECF No. 6, Complaint, at Section IV.A, C). Plaintiff claims that this error deprived him of his Sixth Amendment right to a fair trial, and violated his rights under Article I, Section 9 of the Pennsylvania Constitution. (Id., Section IV.C). As relief for his claims, Plaintiff seeks injunctive relief in the form of "a change

---

[1] All parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF

of venue to Michigan" and "waived mandatory minimum," as well as monetary damages. (Id. at Section VI).

On March 26, 2014, Defendant Erie County filed a motion to dismiss [ECF No. 11], arguing, *inter alia*, that Plaintiff has failed to allege any factual basis to establish municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978). On April 29, 2014, Defendant WJET filed a motion to dismiss complaint or, in the alternative, for summary judgment [ECF No. 21], arguing, *inter alia*, that Plaintiff's allegations fail to establish that Jet was acting under color of state law so as to subject it to liability under 42 U.S.C. § 1983. In addition, both Defendants argue that the Pennsylvania Constitution does not create a private cause of action for damages. Despite having been granted ample time to do so, Plaintiff has failed to file a response to either Defendant's motion. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly

Nos. 3, 13, 20].

analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court

3

should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Sixth Amendment Claim

##### a. Erie County

Plaintiff has failed to state any specific allegations against Defendant Erie County upon which a constitutional claim may be established directly. It is, thus, apparent that Plaintiff's claim against Erie County is indirectly based upon its municipal authority. Based on this understanding, Defendant Erie County has moved for dismissal of Plaintiff's Sixth Amendment claim due to Plaintiff's failure to state any allegations that would establish municipal liability under Monell.

Municipal liability under §1983 requires the plaintiff to prove the existence of a policy or custom of the defendant municipality that resulted in a constitutional violation. Monell, 436 U.S. at 694-95. Here, Plaintiff has not so much as alleged the existence of a policy or custom that allegedly resulted in a constitutional violation. Furthermore, a policy, custom or practice cannot arise from one incident. See, e.g., Turner v. City of Philadelphia, 22 F.Supp.2d 434, 437 (E.D.Pa. 1998), quoting Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) ("Absent unusual circumstances, 'proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.'"). Thus, Plaintiff's Sixth Amendment claim against Defendant Erie County will be dismissed.

##### b. WJET 24 News

Defendant WJET seeks dismissal of Plaintiff's Sixth Amendment claim based, in part,

upon Plaintiff's failure to allege any facts that would show that WJET was acting under color of state law at the time of the alleged incident on November 13, 2013.

In order to prevail on a Section 1983 claim, Plaintiff must establish that Defendant WJET acted under color of state law. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149 (1978). Otherwise, there is no basis for jurisdiction under Section 1983. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Clearly, Plaintiff has neither alleged, nor can he establish, that Defendant WJET was a state actor or that its conduct was "fairly attributable to the state." See Lugar v. Edmundson Oil Co., 457 U.S. 922, 937 (1982). As a result, Plaintiff's Sixth Amendment claim against Defendant WJET will be dismissed.

### 2. Pennsylvania Constitution

Plaintiff generally asserts that Defendants violated his rights under Article I, Section 9 of the Pennsylvania Constitution. Article I, Section 1 of the Pennsylvania Constitution provides that "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." Pa.Const. Art. I, § 1. However, Pennsylvania does not have a statute equivalent to 42 U.S.C. § 1983 that authorizes private lawsuits based on violations of the Pennsylvania Constitution. While the Supreme Court of Pennsylvania has not yet ruled on the issue of whether there is a private cause of action for damages under the Pennsylvania Constitution, federal courts in this Circuit have considered the issue and consistently held that no such private cause of action exists. See, e.g., Ryan v. General Machine Products, 277 F.Supp.2d 585, 595 (E.D.Pa. 2003); Douris v. Schweiker, 229 F.Supp.2d

391, 405 (E.D.Pa. 2002); <u>Lees v. West Greene School Dist.</u>, 632 F.Supp. 1327, 1335 (W.D.Pa. 1986). Thus, Plaintiff's claim based on Defendants' alleged violation of the Pennsylvania Constitution fails as a matter of law and will be dismissed.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES E. JOHNSON, | ) | |
|     Plaintiff | ) | C.A. 14-12 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| ERIE COUNTY, et al., | ) | |
|     Defendants. | ) | |

## **ORDER**

AND NOW, this 22nd day of December, 2014,

IT IS HEREBY ORDERED that Defendant Erie County's motion to dismiss [ECF No. 11] is GRANTED; Defendant WJET 24 News's motion to dismiss complaint or, in the alternative, for summary judgment [ECF No. 21] is GRANTED; and this case is DISMISSED.

The Clerk is directed to mark this case closed.

                                                        /s/ Susan Paradise Baxter
                                                        SUSAN PARADISE BAXTER
                                                        United States Magistrate Judge